## Kuhns et al. *versus* Bowman.

K. brought ejectment against B. in 1869, and obtained a verdict in his favor on November 29th 1876, upon which judgment was entered January 20th 1877. On the 14th of October 1876, B. brought an action of trespass *quare clausam fregit* against K., and in March 1877 brought a second action of ejectment against K. This latter action and the trespass were tried together before the same jury. The court charged the jury that if they found in favor of B., in the action of ejectment, to also find a verdict in his favor for nominal damages in the action of trespass, and added, "both stand or fall together, as far as any contested question in the causes you are sworn to try are concerned." *Held*, that this was error, and there should have been no recovery in the action of trespass, as K. by his judgment in the ejectment entered January 20th 1877, acquired a conclusive right against B. to recover mesne profits for the length of time that action of ejectment was pending.

October 31st 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, TRUNKEY and STERRETT, JJ. PAXSON and GREEN, JJ., absent.

Error to the Court of Common Pleas of *Westmoreland county :* Of October and November Term 1879, No. 187.

Trespass *quare clausum fregerunt* by Adam D. Bowman against John Kuhns, Sr., and his sons.

The material facts will be found in the opinion of this court.

The court below charged the jury as follows :—

"Although the fact has not been adverted to during the progress of the trial, yet it is not to be overlooked by the jury that you are sworn in two separate actions, which invites separate verdicts at your hands. The one is an action of ejectment brought to recover the premises described in the writ, and the other an action of trespass brought to recover damages for alleged entries upon the premises by the defendants. In the first action, Adam D. Bowman is plaintiff and John Kuhns is defendant, and in the last

[Kuhns v. Bowman.]

action there is the same plaintiff and John Kuhns, Sr., John Kuhns, Jr., Henry Kuhns and Joseph Kuhns are defendants. [It may be said in general, that in the event of your finding a verdict in favor of the plaintiff in the first action, then under the same evidence, and if you credit the additional testimony of one witness as to cutting timber on the disputed tract, you will also find a verdict for merely nominal damages in favor of the plaintiff in the second action. In other words both actions stand or fall together, as far as any contested question in the causes you are sworn to try is concerned."]

Verdict for plaintiff, when defendants took this writ, and alleged that the court erred in the portion of the above charge included in brackets.

*H. P. Laird,* for plaintiff in error.—The recovery by John Kuhns in the action of ejectment to May Term 1869, which was pending until the 20th of January 1877, when judgment was entered on the verdict rendered on November 29th 1876, was conclusive that he could commit no trespass in 1876 on this land, for which damages could be recovered in an action of trespass *quare clausum fregerunt,* brought on October 14th 1876. The judgment was conclusive of Kuhns's right to possession and to mesne profits: Drexel *v.* Man, 2 Barr 271; Barnes *v.* Dean, 5 Watts 543; Shoenberger *v.* Barker, 10 Harris 404; Lane *v.* Harrold, 22 P. F. Smith 267.

*H. D. Foster, H. C. & J. A. Marchand,* for defendant in error.—Kuhns, although he had an action of ejectment pending at the time the trespass was committed, had no right to enter upon the possession of Bowman and commit a trespass. He had a right after his recovery in the ejectment to issue a *habere facias possessionem,* and until that was done he had no right to enter on the land and commit a trespass against Bowman's actual possession.

Mr. Justice MERCUR delivered the opinion of the court, January 5th 1880.

This was an action of trespass, *quare clausum fregerunt.* The case presents a single question. The facts necessary for an understanding of the case are these: In March 1869, John Kuhns, the plaintiff in error, brought an action of ejectment against the defendant in error for the land on which this alleged trespass was committed. In November 1876, he recovered a verdict for the land, and judgment thereon was duly entered. During the pendency of that action, in October 1876, the defendant in error brought this action of trespass against Kuhns and his sons, who were acting under him, for alleged trespass committed in September previous on the same land. In March 1877, the defendant in error

[Kuhns *v.* Bowman.]

also brought an action of ejectment against said Kuhns for the same land. Both cases were tried together before the same jury. The learned judge charged the jury substantially, that if they found in favor of the plaintiff below, in the action of ejectment, to also find a verdict in his favor for nominal damages in the action of trespass, and added, " In other words, both stand or fall together, as far as any contested question in the causes you are sworn to try is concerned." This charge is assigned for error.

A consideration of this assignment involves an inquiry into the effect to be given to the verdict and judgment procured by Kuhns. That the recovery was no bar to a second action of ejectment for the same land is well recognised; but the present question is, what was its effect as to the right of the plaintiff therein to recover mesne profits. That he might have recovered them at the same time he recovered in the ejectment, on his giving due notice of his intention to claim them, must be conceded. Failing to so do, the verdict and judgment were conclusive evidence of his right to mesne profits from the time of the commencement of the suit until the judgment, unless the defendant left the possession after service of the writ, which is not pretended in this case. This conclusive effect is declared by numerous English and American authorities. We will content ourselves by citing two of our own cases, in which many of the authorities are collected. They are Man *v.* Drexel, 2 Barr 202, and Drexel *v.* Man, Id. 271. So conclusive is a verdict and judgment of the right to mesne profits, that in this last case it was held, though the defendants' title be established by two verdicts and judgments between the same parties and on the same title, one of which was prior, and the other subsequent to the time for which the recovery of mesne profits was sought, yet they constituted no bar to a recovery for the time covered by the immediate action of ejectment. Thus, under the well-settled rule of law, Kuhns acquired a conclusive right against the defendant in error to recover mesne profits for the length of time that action of ejectment was pending. The latter now claims to recover of the plaintiffs in error for damages done by them to the land during the same time. If the defendant in error had done in September 1876, the identical act of which he now complains, he would have been unquestionably liable in damages therefor to Kuhns. It cannot be that he can now recover in trespass against the plaintiffs in error for that act. To so hold would fritter away the substantial right to recover damages which Kuhns acquired by his recovery in ejectment. The learned judge erred in holding that both actions stand or fall together. There should have been no recovery in this action of trespass.

Judgment reversed and a *venire facias de novo* awarded.